UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>HANNAH LAM, et al.,<br><br>        Defendants. | Case No. 25-cv-06815-RMI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PERMIT PLAINTIFF TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 5 |

Before the court is Plaintiff's Administrative Motion to Permit Plaintiff to Proceed Under Pseudonym (dkt. 5). For the reasons stated below, Plaintiff's Motion is GRANTED.

Plaintiff, an asylee and citizen of Pakistan, won asylum in the United States on July 15, 2002, on the basis of persecution that he suffered due to his support of the Mutahidda Quami Movement ("MQM") in Pakistan (dkt. 1–1, p. 2; dkt. 7, pp. 2–4). In 2003, after being granted asylum, Plaintiff submitted to the United States Citizenship and Immigration Services ("USCIS") his Form I-485, Application to Register Permanent Residence or Adjust Status, which remains pending. (Dkt. 1–1, p. 2). Due to the circumstances of his asylum claim, and an allegation that he materially supported a foreign terrorist organization, Plaintiff seeks approval to use the pseudonym "Z.A." in his prosecution of this action (dkt. 5, p. 4), and an order requiring parties to "redact all personally identifying information, including Plaintiff's true full names (leaving only initials), from all filings consistent with Federal Rule of Civil Procedure 5.2." (Dkt. 5–1, p. 2).

Permitting a party to pursue legal proceedings anonymously is unusual, as it interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); Fed. R. Civ. P. 10(a) (specifying that "[t]he title of the complaint must name all

the parties"). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII*, 214 F.3d at 1068. Anonymity has generally been permitted "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id*. (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. (internal citations omitted).

Here, the court finds that granting Plaintiff's leave to proceed under pseudonym is appropriate. First, Plaintiff does not seek to conceal his identity from Defendants or the court, mitigating any prejudice to Defendants. Second, Plaintiff's action relates to his underlying asylum claim, which is itself afforded protection by Defendants' regulations. *See* 8 C.F.R. §208.6. Third, Plaintiff's allegations in the instant motion that he "faced persecution in Pakistan due to his support of the MQM(A)" are bolstered by the fact that he was granted asylum due to his support of the MQM(A) group (*see generally* dkt. 1 and dkt. 5). Fourth, the public's interest in Plaintiff's identity is lessened because Plaintiff's action concerns Defendants' compliance with applicable laws and administrative procedures, not the facts underlying Plaintiff's asylum claim. Finally, this court's local rules provide interested parties opportunities to make countervailing arguments at later dates. *See, e.g.*, Local Rules N.D. Cal. LR 79-5(g)(3) ("Parties or non-parties may, at any time, file a motion requesting that the Court unseal a document."). Consistent with that rule, Defendants may, if they so wish, file a motion to revisit this ruling after they appear in the case.

Accordingly, Plaintiff's Motion to Proceed Under Pseudonym is GRANTED. The parties shall refer to Petitioner-Plaintiff by the pseudonym Z.A. in all filings and public proceedings. The parties shall redact all personally identifying information, including Plaintiff's true full name (leaving only initials), from all filings, consistent with Federal Rule of Civil Procedure 5.2.

**IT IS SO ORDERED.**

Dated: August 15, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge

3